### In re JARRIS DISCOUNT TIRE CO., INC., Debtor.

**Bankruptcy No. 83–04129G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 23, 1984.

Marvin Krasny, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for debtor, Jarris Discount Tire Co., Inc.

Diane J. Sigmund, Bonnie Glantz Fatell, Wexler, Weisman, Forman & Shapiro, Philadelphia, Pa., for landlords, Leonard and Miriam Glantz and Max and Renee Glantz.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for trustee, Samuel Alper.

Harold K. Cohen, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for Jay Arcus and Harris Katz, officers of the Corp.

Allen S. Kellerman, Philadelphia, Pa., for potential buyer, Deltona Discount Tire, Inc.

Samuel Alper, Philadelphia, Pa., trustee.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether a certain lease is part of the debtor's estate pursuant to section 541(a) of the Bankruptcy Code ("the Code"). Because the lease in question had not been effectively terminated before the order for relief was entered in the instant case, we conclude that said lease is unexpired and, therefore, is property of the debtor's estate.

The facts of the instant case are as follows:[1] In March of 1982, Jarris Discount Tire Company, Inc. ("the debtor") took possession of premises located at 7226 Germantown Avenue, Philadelphia, Pennsylvania ("the premises"), pursuant to two documents purporting to be lease agreements ("the lease")[2] with Leonard and Miriam Glantz and Max and Renee Glantz ("the landlords"). It is beyond question that the aforesaid documents were only signed by two of the landlords (Max and Renee Glantz) and not by the other two landlords (Leonard and Miriam Glantz) or the debtor. On October 24, 1983, an involuntary petition under chapter 11 of the Code was filed against the debtor and an order for relief was entered by consent on that same day. Thereafter, a trustee was appointed pursuant to section 1104 of the Code. The trustee then filed a "notice of intention of trustee to sell assets of the estate at private sale." Included among those assets was the debtor's interest in the unexpired balance of the lease on the premises in question. An objection to the trustee's sale was filed by two of the debtor's four shareholders who raised the issue as to whether the lease between the debtor and the landlords was, in any way, an asset of the debtor's estate.

The Pennsylvania Landlord and Tenant Act of 1951 provides:

Real property, including any personal property thereon, may be leased for a term of more than three years by a landlord to a tenant or by their respective agents lawfully authorized in writing. Any such lease must be in writing and signed by the parties making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or equity, notwithstanding any consideration therefor, *unless the tenancy has continued for more than one year and the landlord and tenant have recognized its rightful existence by claiming and admitting liability for the rent, in which case the tenancy shall become one from year to year* (emphasis added).

Pa.Stat.Ann. tit. 68, § 250.202 (as amended) (Purdon).

It is undisputed that both of the documents purporting to represent the lease (either collectively or individually) between the debtor and the landlords are only signed by one of the parties involved herein (Max and Renee Glantz). The only testimony adduced at trial established that the debtor took possession of the subject premises in March of 1982, and paid rent to the landlords from that date through August of 1983, which, according to the provisions of the aforesaid statute, created a tenancy from year to year between the parties (N.T. 12/12/83 at 20, 29). The record further establishes that the debtor was "locked out" in late August of 1983, and that its business had ceased as a result thereof (N.T. 12/12/83 at 34).

The record also shows that the landlords notified counsel for the debtor, by a letter dated September 21, 1983, that they had "terminated" their oral lease with the debtor because the debtor had "defaulted in the rent payments due for August and September, 1983."[3] While the debtor testified that it had received the aforesaid letter, there is no indication in the record as to when the debtor received said letter.

The dispositive question is whether the lease in question (the tenancy from year to year) was unexpired on October 24, 1982 (the date the order for relief was entered), and therefore was part of the debtor's estate pursuant to section 541(a) of the Code.[4] Under Pennsylvania law, a tenancy

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** *See* Exh. T–1 and Exh. G–2.

**3.** *See* Exh. D–1.

**4.** Section 541(a) provides in part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a) (1979).

from year to year cannot be terminated by notice of less than three months.[5] The only testimony before us establishes that the debtor paid rent to the landlords through August of 1983, and that the debtor was locked out of the premises in late August of that year.[6] On the basis of that record, we conclude that the debtor was wrongfully dispossessed of the premises in question since no notice of termination was given to the debtor, let alone the requisite three months required by law.[7] Moreover, in light of the wrongful lockout, we conclude that the landlords are estopped from terminating the lease on the basis of the non-payment of the September, 1983, rent. Furthermore, even if we were to assume that the debtor defaulted in its rent payments, and that this permitted the landlords to terminate the lease, no evidence has been presented establishing that the landlords complied with the notice requirements called for in that circumstance.[8]

█ Accordingly, on the basis of the evidence received, we conclude that the tenancy from year to year had not been terminated as of October 24, 1983 (the date on which the order for relief was entered), and therefore, said lease is property of the debtor's estate pursuant to § 541(a) of the Code.[9]

---

**5.** *See Borough of Phoenixville v. Walters,* 147 Pa. 501, 23 A. 776 (1982).

**6.** On October 7, 1983, Leonard Glantz and Max Glantz filed a complaint against the debtor in the Municipal Court of Philadelphia to recover possession of the subject premises and a hearing thereon was scheduled for October 26, 1983 (*See* Exh. D–2). Since the order for relief was entered in the instant case on October 24, 1983, we need only point out that § 362(a)(3) of the Code provides for a stay of:

    (3) any act to obtain possession of property of the estate or of property from the estate.

**7.** Pa.Stat.Ann. tit. 68, § 250.501 provides:

    A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

    In case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of less than one year or for an indeterminate time, the notice shall specify that the tenant shall remove within thirty days from the date of service thereof, and when the lease is for one year or more, then within three months from the date of service thereof. In case of failure of the tenant, upon demand, to satisfy any rent reserved and due, the notice, if given on or after April first and before September first, shall specify that the tenant shall remove within fifteen days from the date of the service thereof, and if given on or after September first and before April first, then within thirty days from the date of the service thereof.

    The notice above provided for may be for a lesser time or may be waived by the tenant if the lease so provides.

    The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises.

**8.** *See* note 7 *supra.*

**9.** Section 365(a) of the Code provides:

    (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a) (1979).